UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


TODD P. ALLOR,

        Plaintiff,

v.

FEDERAL HOME LOAN MORTGAGE
CORPORATION,

        Defendant.

_____/

Case No. 12-12290

Honorable Nancy G. Edmunds


**OPINION AND ORDER GRANTING DEFENDANT'S  MOTION FOR SUMMARY
JUDGMENT [3] AND CANCELLING HEARING SCHEDULED FOR OCTOBER 31,
2012**


This matter comes before the Court on Defendant Federal Home Loan Mortgage

Corporation ("Freddie Mac")'s motion for summary judgment [3].  It is undisputed that the

Mortgaged Property at issue here was foreclosed, sold to Defendant, and the redemption

period expired without Plaintiff availing himself of the right to redemption in the foreclosure

proceedings.  Plaintiff's complaint seeks to have this Court quiet title to the Mortgaged

Property in his favor.  He also seeks money damages in connection with his claims of

unjust enrichment, breach of an implied agreement, and violation of Mich. Comp. Laws §

600.3205(c).  (Pl.'s Compl.)

The Court finds that the facts and legal arguments are adequately presented in the

parties' pleadings and that the decision process would not be significantly aided by oral

argument.  Therefore, pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), it is

hereby ORDERED that Defendant's motion for summary judgment [3] be resolved as

2:12-cv-12290-NGE-DRG   Doc # 7   Filed 10/24/12   Pg 2 of 8   Pg ID 162

submitted, and the hearing previously scheduled for Defendant's motion on October 31, 2012 is hereby CANCELLED.

Because Plaintiff's complaint fails to state a plausible claim for relief, Defendant's motion for summary judgment is GRANTED.

I.    Facts

Plaintiff's suit arises out of foreclosure proceedings on residential property located at 35281 Wagner, Clinton Township, Michigan (the "Mortgaged Property"). On July 8, 2003, Plaintiff and his wife, Kim Allor, granted a mortgage ("Mortgage") in favor or National City Mortgage, now known as PNC Bank ("Lender") in the amount of $168,000 and executed a promissory note ("Mortgage Loan") agreeing to repay Lender that amount. The Mortgage was recorded on August 7, 2003. (Def.'s Mot., Ex. A, 7/08/03 Mortgage.)   Plaintiff defaulted on the Mortgage Loan and foreclosure by advertisement proceedings were commenced on the Mortgaged Property pursuant to the Mortgage and Michigan law. This culminated in a sale of the Mortgaged Property to Defendant Freddie Mac at a sheriff's sale on December 1, 2011. Defendant purchased the Mortgaged Property for $179,035.01, and the Sheriff's Deed was recorded on December 9, 2011. (Def.'s Mot., Ex. F, Sheriff's Deed on Mortgage Sale.) Under Michigan law, Plaintiff's statutory right to redeem, or buy back the Mortgaged Property, expired on June 1, 2012. (*Id.* at 4.) Plaintiff did not exercise his statutory right to redeem before that right expired. Rather, Plaintiff filed this lawsuit against Defendant on May 9, 2012 alleging claims of quiet title, unjust enrichment, breach of an implied agreement/specific performance, and violation of Mich. Comp. Laws § 600.3205(c).

(Pl.'s Compl.)[1]

## II.   Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law."

Fed. R. Civ. P. 56(a).   A moving party may meet that burden "by 'showing' – that is,

pointing out to the district court -- that there is an absence of evidence to support the

nonmoving party's case."   *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986).   Revised

Rule 56 expressly provides that:

> A party asserting that a fact cannot be or is genuinely disputed must support the
> assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions,
> documents, electronically stored information, affidavits or declarations,
> stipulations (including those made for purposes of the motion only), admissions,
> interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of
> a genuine dispute, or that an adverse party cannot produce admissible evidence
> to support the fact.

Fed. R. Civ. P. 56(c)(1).   The revised Rule also provides the consequences of failing to

properly support or address a fact:

> If a party fails to properly support an assertion of fact or fails to properly address
> another party's assertion of fact as required by Rule 56(c), the court may:
>
> (1) give an opportunity to properly support or address the fact;
>
> (2) consider the fact undisputed for purposes of the motion;
>
> (3) grant summary judgment if the motion and supporting materials – including
> the facts considered undisputed – show that the movant is entitled to it; or

---

[1]Plaintiff's lawsuit was filed in the Macomb County Circuit Court, and Defendant timely
removed it here and filed the motion for summary judgment now pending before the Court.

(4) issue any other appropriate order.

Fed. R. Civ. P. 56(e).   "The court need consider only the cited materials, but it may consider other materials in the record."  Fed. R. Civ. P. 56(c)(3).

When the moving party has met its burden under Rule 56, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industries Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Ultimately a district court must determine whether the record as a whole presents a genuine issue of material fact, *id.* at 587, drawing "all justifiable inferences in the light most favorable to the non-moving party," *Hager v. Pike County Bd. Of Education*, 286 F.3d 366, 370 (6th Cir. 2002).

## III.   Analysis

It is well established in Michigan law that, once the six-month redemption period has expired, the former owner's rights in and title to the property are extinguished.

> If the mortgagor does not redeem the property within the requisite period, the purchaser of the sheriff's deed is vested with all the right, title, and interest in the property.  In other words, where a plaintiff does not avail herself of the right of redemption in the foreclosure proceedings before the expiration of such right, all of the plaintiff's rights in and to the property are extinguished.

*Awad v. Gen. Mtrs. Acceptance Corp.*, No. 302692, 2012 WL 1415166, at *2 (Mich. Ct. App. Apr. 24, 2012) (internal footnotes, quotation marks and citations omitted).  Moreover, Michigan law "does not allow an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement and posting of notice in the absence of a clear showing of fraud, or irregularity."  *Id.* (internal quotation marks, citations, and footnote omitted).

Here, the Mortgaged Property was sold to Defendant at a sheriff's sale held on December 1, 2011. (Def.'s Mot., Ex. F, 12/01/11 Sheriff's Deed on Mortgage Sale.) Thus, Plaintiff had until June 1, 2012 to redeem the Mortgaged Property, and he failed to do so. Instead, Plaintiff filed this lawsuit against Defendant on May 9, 2012 alleging claims related to title to the Mortgaged Property, i.e., quiet title, and others related to his allegation that Defendant failed to enter into a loan modification agreement for the Mortgaged Property, i.e., unjust enrichment, breach of an implied agreement/specific performance, and violation of Mich. Comp. Laws § 600.3205(c). (Pl.'s Compl.) Plaintiff's claims are dismissed for the following reasons.

First, that Plaintiff filed his suit before the redemption period expired does nothing to advance his claims. *See Awad*, 2012 WL 1415166 at *3 (quoting *Overton v. Mortg. Elec. Registration Sys.*, No. 284950, 2009 WL 1507342 (Mich. Ct. App. May 28, 2009), and observing that, under these same circumstances, the plaintiff's suit would not toll the redemption period because it was simply an attempt "to wage a collateral attack on the foreclosure of the property").

Second, as previously stated in this Court's opinion in *Evans v. LNV Corp.*, No. 12-12287, 2012 WL 4048880 (E.D. Mich. Sept. 13, 2012), because Plaintiff failed to redeem the Mortgaged Property before the statutory redemption period expired, "the foreclosure deed became 'operative' and 'all the right, title, and interest,' in the property vested in Defendant," and Plaintiff's rights in and title to the property were extinguished. *Id.* at *4 (quoting Mich. Comp. Laws § 600.3236 and citing cases). Thus, Plaintiff cannot state a claim seeking to quiet title in his name.

This Court rejects Plaintiff's argument that his complaint states a claim for fraud or misrepresentation and that these claims would justify an equitable extension of Michigan's six-month redemption period.  Plaintiff's fraud-based claims do not satisfy the particularity requirements of Federal Rule of Civil Procedure Rule 9(b).  *See id.* at *5 (observing that the plaintiff failed to satisfy the particularity requirements as to his fraud and intentional misrepresentation claims because he failed to allege the time, place, or speaker of the alleged fraudulent statements).

Similar to its decision in *Powers v. Chase Bank USA, N.A.*, No. 12-10814, 2012 WL 1945474, at *3 (E.D. Mich. May 30, 2012) – a lawsuit filed by the same counsel as in this case with remarkably similar allegations -- this Court concludes that Plaintiff's factually unsupported and vague fraud and misrepresentation claims asserted in his complaint (Compl., ¶ 23) are insufficient to warrant an equitable extension of Michigan's six-month redemption period.  As in *Powers*, Plaintiff's complaint here asserts that "the actions of the Defendants [sic] were [sic] intentionally designed to preclude the Plaintiff from entering into a Loan Modification or negotiate in good faith a settlement in order to keep possession of his  home" (Compl., ¶ 16) and that "Defendants [sic] did undertake to foreclose on the subject property without allowing Plaintiff to Modify the Loan for the subject property." (Compl., ¶ 17.)  Similar to the complaint in *Powers*, Plaintiff's complaint here mentions "fraud" and "misrepresentation" only once, i.e., where he asserts that "Plaintiff has a superior claim to the interest in the subject property because of their [sic] Fee Simple Absolute and Unjust Enrichment, Breach of Implied Agreement, Misrepresentation, Fraud, and Constructive Trust on the part of the Defendants [sic]."  (Compl., ¶ 23.)  Accordingly,

6

just as in *Powers*, this Court again finds that "[t]his single mention of fraud in a laundry list of allegations is not sufficient to satisfy Plaintiff's burden of 'a clear showing of fraud or irregularity' that is required to toll the redemption period." *Id.*

Plaintiff likewise cannot state a claim for breach of an implied agreement, unjust enrichment, or violation of Mich. Comp. Laws § 600.3205c against Defendant.

First, because Plaintiff's complaint fails to provide specific facts that a promise or commitment to modify his Mortgage Loan exists in a writing signed by Defendant, Plaintiff cannot satisfy Michigan's statute of frauds and thus cannot state a claim for breach of an implied agreement to modify his loan. *See Evans*, 2012 WL 4048880 at *6 (citing cases and Mich. Comp. Laws § 566.132(2)). "'Michigan courts have applied section 566.132(2) in holding that any agreement to modify a loan, waive a loan provision, or to provide any other financial accommodation must be in writing and signed by the [lender].'" *Id.* (quoting *Saxton v. Wells Fargo, N.A.*, No. 12-11670, 2012 WL 3568806, at *6 (E.D. Mich. Aug. 17, 2012)).

Second, because Plaintiff's rights in and title to the Mortgaged Property were extinguished when the statutory redemption period expired and he has not alleged or presented evidence that a promise to modify his Mortgage Loan exists in writing, Plaintiff cannot state a claim for unjust enrichment. *See id.* at *5.

Finally, Plaintiff cannot state a claim for relief for any alleged violation by Defendant of Mich. Comp. Laws 600.3205c with regard to its offer of a loan modification "because the statute does not permit the Court to set aside a completed foreclosure sale." *Benford v. CitiMortgage, Inc.*, No. 11-12200, 2011 WL 5525942, at *5 (E.D. Mich. Nov. 14, 2011).

This statute provides, in pertinent part, that:

> If a mortgage holder or mortgage servicer begins foreclosure proceedings under this chapter in violation of this section, the borrower may file an action in the circuit court for the county where the mortgaged property is situated to convert the foreclosure proceeding to a judicial foreclosure. If a borrower files an action under this section and the court determines that the borrower participated in the process under section 3205b, a modification agreement was not reached, and the borrower is eligible for modification under subsection (1), and subsection (7) does not apply, the court shall enjoin foreclosure of the mortgage by advertisement and order that the foreclosure proceed under chapter 31.

Mich. Comp. Laws § 600.3205c(8). "The statute plainly requires the borrower to seek his remedy prior to the completion of the foreclosure sale, as it merely converts a proceeding into one of judicial foreclosure." *Benford,* 2011 WL 5525942 at *5. Plaintiff did not file his lawsuit until months after the sheriff's sale on December 1, 2011, and "[a] borrower may not challenge a completed foreclosure sale under this statute." *Id.* (citing cases).

## IV.   Conclusion

For the above-stated reasons, Defendant's motion for summary judgment is GRANTED, and Plaintiff's case is DISMISSED WITH PREJUDICE.

> s/Nancy G. Edmunds
> Nancy G. Edmunds
> United States District Judge

Dated:  October 24, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 24, 2012, by electronic and/or ordinary mail.

> s/Carol A. Hemeyer
> Case Manager